IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO NALLS, #222 535, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:11-CV-799-TMH |
| | )                [WO] |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a 42 U.S.C. § 1983 action filed by Plaintiff on September 26, 2011. He complains that he has been denied access to the courts, that he is subjected to a variety of unconstitutional conditions of confinement, and that he is charged improperly for medical visits, replacement of wristbands, and deposits made to his inmate account. As relief, Plaintiff seeks his immediate transfer from the Easterling Correctional Facility and requests that the matters about which he complains in this action be remedied, repaired, and/or replaced. At the time he filed this action, Plaintiff was incarcerated at the Easterling Correctional Facility. During the pendency of this action, Plaintiff was transferred to the Bullock Correctional Facility in Union Springs, Alabama, where he is currently housed. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes that this action is due to be dismissed as moot.

**I. DISCUSSION**

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244,

246 (1971).  An actual controversy must exist at all times when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot.  *Nat'l Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome.  *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2.  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court.  *Lewis v. Cont'l Bank Corp.*, 494 US. 472, 477 (1990).  "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987).  Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In  *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit

Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.; Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'" (citation omitted)). In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g.*, *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has

been transferred."); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at the Easterling Correctional Facility, having been transferred to another state penal institution during the pendency of this action. He is, therefore, no longer subject to the conditions about which he complains when he filed the instant matter. There is no indication that Plaintiff will be returned to the Easterling Correctional Facility, much less be returned in the immediate future. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985).

In light of the foregoing, the court finds that Plaintiff's action is now moot. Because there is no present case or controversy to support the court's jurisdiction over this action, Plaintiff's complaint is due to be dismissed without prejudice for lack of jurisdiction.[1]

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for a Preliminary Injunction (Doc. No. 1) be DENIED as moot; and

2. Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction.

---

[1] In the event Plaintiff is returned to the institution about which he complained, a dismissal without prejudice allows him to re-file his claims. *See Wahl,* 773 F.2d at 1174.

It is further

ORDERED that on or before **November 29, 2011**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of November, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE